[828 NE2d 592, 795 NYS2d 490]

CHARLES REGINALD MONTGOMERY, JR., Appellant, v FEDERAL EXPRESS CORPORATION et al., Respondents and Third-Party Plaintiffs-Respondents. FORTUNE INTERIOR DISMANTLING CORP., Third-Party Defendant-Respondent, et al.,Third-Party Defendants.

Decided March 24, 2005

**APPEARANCES OF COUNSEL**

*Pollack, Pollack, Isaac & De Cicco*, New York City (*Brian J. Isaac* of counsel), for appellant.

*Geringer & Dolan LLP*, New York City (*John T. McNamara* of counsel), for respondents.

Third-party defendant-respondent precluded.

**OPINION OF THE COURT**

MEMORANDUM.

The order of the Appellate Division should be affirmed with costs.

Plaintiff, who was employed as a helper by an elevator company, and Peter Mazzei, an elevator mechanic, were assigned to do work in an elevator "motor room" located some four feet above the roof level of a building. Arriving on the roof, plaintiff and Mazzei found that stairs that had previously led from the roof to the motor room had been removed. There was no ladder in the immediate vicinity, but ladders were available at the job site.

Rather than go and get a ladder, plaintiff and Mazzei climbed to the motor room by standing on an inverted bucket. When he left the motor room, plaintiff jumped down to the roof, injuring his knee in the process.

We agree with the Appellate Division that, since ladders were readily available, plaintiff's "normal and logical response" should have been to go get one. Plaintiff's choice to use a bucket to get up, and then to jump down, was the sole cause of his injury, and he is therefore not entitled to recover under Labor Law § 240 (1) (*Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280 [2003]).

Chief Judge KAYE and Judges G.B. SMITH, CIPARICK, ROSENBLATT, GRAFFEO, READ and R.S. SMITH concur.

On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed, with costs, in a memorandum.