■ DOUGLAS ROBINSON, Respondent, v EAST MEDICAL CENTER, LP, et al., Defendants, and HUEBER-BREUER CONSTRUCTION Co., INC., Third-Party Plaintiff. BURNS BROS. CONTRACTORS, INC., Third-Party Defendant-Appellant. [794 NYS2d 184]—

Appeal from an order of the Supreme Court, Onondaga County (John V. Centra, J.), entered May 21, 2004 in a personal injury action. The order, insofar as appealed from, granted plaintiff's motion for partial summary judgment on liability under Labor Law § 240 (1) and denied that part of the cross motion of third-party defendant for summary judgment dismissing the Labor Law § 240 (1) cause of action.

It is hereby ordered that the order insofar as appealed from be and the same hereby is reversed on the law without costs, the motion is denied, third-party defendant's cross motion is granted in its entirety and the complaint is dismissed.

Memorandum: Alleging violations of, inter alia, Labor Law § 240 (1), plaintiff commenced this action against, inter alia, East Medical Center, LP and Hueber-Breuer Construction Co., Inc. (defendants), respectively the owner and general contractor on a construction project. Plaintiff seeks to recover damages for a "wrenched" or "twisted" lower back, an injury allegedly sustained by him in a workplace accident involving a tipping but ultimately righted stepladder. Defendants each have interposed or sought to interpose a third-party complaint against Burns Bros. Contractors, Inc. (Burns), plaintiff's employer, for contractual indemnification. Burns appeals from an order to the extent that it granted plaintiff's motion for partial summary judgment on liability under Labor Law § 240 (1) and denied that part of the cross motion of Burns for summary judgment dismissing the section 240 (1) cause of action.

We conclude that Supreme Court should have denied the motion of plaintiff and granted the cross motion of Burns in its entirety, thereby dismissing the cause of action under Labor Law § 240 (1). "The extraordinary protections of Labor Law § 240 (1) extend only to a narrow class of special hazards, and do 'not encompass *any and all* perils that may be connected in some tangential way with the effects of gravity' . . . . The core objective of the statute in requiring protective devices for those working at heights is to allow them to complete their work safely

and prevent them from falling. Where an injury results from a separate hazard wholly unrelated to the risk which brought about the need for the safety device in the first instance, no section 240 (1) liability exists" (*Nieves v Five Boro A.C. & Refrig. Corp.*, 93 NY2d 914, 915-916 [1999]; *see Morrison v Christa Constr.* [appeal No. 2], 305 AD2d 1004, 1005-1006 [2003], *lv denied* 1 NY3d 505 [2003]). Here, the record demonstrates that plaintiff did not fall from or at a height (*see Morrison*, 305 AD2d at 1006) but rather succeeded in avoiding any fall by grabbing and holding onto a hanger rod affixed to the ceiling and by almost immediately regaining his balance and his footing on the ladder as it started to tip. We thus conclude that plaintiff did not meet his initial burden of demonstrating his entitlement to recovery under the statute as a matter of law. Rather, we conclude that Burns, in cross-moving for summary judgment dismissing the complaint, established its (and the primary defendants') entitlement to judgment as a matter of law "by establishing that plaintiff did not fall, and plaintiff failed to raise an issue of fact" (*id.* at 1005).

The dissent characterizes our holding as being that Labor Law § 240 (1) is inapplicable because plaintiff did not fall to the ground. That is not our position (*see generally Striegel v Hillcrest Hgts. Dev. Corp.*, 100 NY2d 974, 978 [2003]). What is determinative of Labor Law § 240 (1) liability, in our view, is the fact that plaintiff here did not fall at all, whether from or at a height, meaning from any elevated work surface to a different and lower level (*see generally Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501 [1993]; *Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 514-515 [1991]). Rather, the record demonstrates as a matter of law that, immediately upon regaining his balance, plaintiff was standing at the same level at which he had been working before the incident.

All concur except Green, J.P., and Hayes, J., who dissent and vote to affirm in the following memorandum.

Green, J.P., and Hayes, J. (dissenting). We dissent and would affirm. Plaintiff injured his back when the ladder he was standing on kicked from beneath him, causing him to grab a hanger rod to prevent him from falling to the floor. Plaintiff's injury was caused by "the effects of gravity" (*Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 514 [1991]; *see Golda v Hutchinson Enters.*, 219 AD2d 803 [1995]). The majority concludes that, because plaintiff did not fall to the ground, Labor Law § 240 (1) is not applicable, citing *Morrison v Christa Constr.* ([appeal No. 2] 305 AD2d 1004, 1005 [2003], *lv denied* 1 NY3d 505 [2003]). Unlike the plaintiff in *Morrison,* plaintiff in the instant case

proved that the ladder supplied was inadequate to protect him from harm directly flowing from the application of the force of gravity (*see Raczka v Nichter Util. Constr. Co.*, 272 AD2d 874 [2000]). Plaintiff further established that, had he been supplied with a taller ladder so that he could reach the work area without having to stand on the very top of the ladder, his injuries could have been avoided. Present—Green, J.P., Scudder, Kehoe, Smith and Hayes, JJ.