■ CHARLES THOMAS, Appellant, v FALL CREEK CONTRACTORS, INC., et al., Respondents. (And a Third-Party Action.) [800 NYS2d 559]—

---

Order, Supreme Court, Bronx County (Barry Salman, J.), entered January 14, 2004, insofar as it denied plaintiff's motion for partial summary judgment on his Labor Law § 240 (1) and § 241 (6) claims, unanimously modified, on the law and upon a search of the record, to dismiss the Labor Law § 240 (1) and § 241 (6) claims, and otherwise affirmed, without costs.

This Court is empowered to grant defendants' respective cross motions for summary judgment dismissing plaintiff's Labor Law § 240 (1) and § 241 (6) claims even in the absence of a cross appeal (see CPLR 3212 [b]; *Merritt Hill Vineyards v Windy Hgts. Vineyard,* 61 NY2d 106, 110-111 [1984]).

The record establishes that the temporary wooden stairs from which plaintiff fell were still in the process of being constructed; that plaintiff, who was assisting in the construction of the stairs, was aware that they had not been bolted to the parapet wall when he decided to use them; that another nearby set of temporary stairs had been completed and affixed to the parapet wall and were being used by workers on the day of plaintiff's accident; and that the stairs from which plaintiff fell did not break when he fell, were not otherwise defective, and were mounted to the wall after the accident. Accordingly, plaintiff's actions were "the sole cause of his injury, and he is therefore not entitled to recover under Labor Law § 240 (1)" (*Montgomery v Federal Express Corp.,* 4 NY3d 805, 806 [2005]).

Plaintiff's Labor Law § 241 (6) claim originally relied on 12 NYCRR 23-1.21 (b) (4) (i), which requires, inter alia, that any portable ladder used as a regular means of access between different levels of a building or structure be nailed or otherwise securely fastened in place and "extend at least 36 inches above the upper floor, level or landing or handholds shall be provided at such upper levels." The elevation risk here involved two adjoining roofs that differed in height by four to six feet and shared a parapet wall that was three- to four-feet high. Metal stairs bolted to the parapet wall connected the two roofs prior to the project, but had to be removed as part of the project. In his reply brief, plaintiff, while continuing to argue that the temporary stairs were a ladder within the meaning of this regulation, concedes that "it would make no sense to argue that the regulation's provision requiring a three-foot extension past the upper surface is applicable here." As plaintiff does not cite

another regulation, this claim must also be dismissed (*see generally Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501-502 [1993]). Concur—Tom, J.P., Andrias, Marlow, Sullivan and Catterson, JJ.