[847 NE2d 1162, 814 NYS2d 589]

Douglas Robinson, Appellant, v East Medical Center, LP, et al., Defendants. Hueber-Breuer Construction Co., Inc., Third-Party Plaintiff, v Burns Bros. Contractors, Inc., Third-Party Defendant-Respondent.

Argued February 16, 2006; decided April 4, 2006

## POINTS OF COUNSEL

*Amdursky, Pelky, Fennell & Wallen, P.C.,* Oswego (*Timothy J. Fennell* and *Joseph E. Wallen* of counsel), for appellant. I. Plaintiff established a prima facie claim under Labor Law § 240 (1). (*Abbatiello v Lancaster Studio Assoc.,* 3 NY3d 46; *Quigley v Thatcher,* 207 NY 66; *Blake v Neighborhood Hous. Servs. of N.Y. City,* 1 NY3d 280; *Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494; *Gordon v Eastern Ry. Supply,* 82 NY2d 555; *Montalvo v J. Petrocelli Constr., Inc.,* 8 AD3d 173; *Bland v Manocherian,* 66 NY2d 452; *Rocovich v Consolidated Edison Co.,* 78 NY2d 509; *Narducci v Manhasset Bay Assoc.,* 96 NY2d 259; *Kelleher v Power Auth. of State of N.Y.,* 211 AD2d 918.) II. Defendants' violation of Labor Law § 240 (1) was the proximate cause of plaintiff's injury. (*Zimmer v Chemung County Performing Arts,* 65 NY2d 513; *Bland v Manocherian,* 66 NY2d 452; *Weininger v Hagedorn & Co.,* 91 NY2d 958; *Blake v Neighborhood Hous. Servs. of N.Y. City,* 1 NY3d 280; *Cahill v Triborough Bridge & Tunnel Auth.,* 4 NY3d 35; *Montgomery v Federal Express Corp.,* 4 NY3d 805.)

*Costello, Cooney & Fearon, PLLC,* Syracuse (*Daniel P. Fletcher* and *Nicole M. Marlow* of counsel), for third-party defendant-respondent. I. Plaintiff's Labor Law § 240 (1) claim was properly dismissed because the core objective of the statute was satisfied where plaintiff did not fall from or at a height. (*Blake v Neighborhood Hous. Servs. of N.Y. City,* 1 NY3d 280; *Bland v Manocherian,* 66 NY2d 452; *Abbatiello v Lancaster Studio Assoc.,* 3 NY3d 46; *Narducci v Manhasset Bay Assoc.,* 96 NY2d 259; *Striegel v Hillcrest Hgts. Dev. Corp.,* 100 NY2d 974; *Rocovich v Consolidated Edison Co.,* 78 NY2d 509; *Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494; *Toefer v Long Is. R.R.,* 4 NY3d 399; *Nieves v Five Boro A.C. & Refrig. Corp.,* 93 NY2d 914; *Acosta v Bentley Apts.,* 298 AD2d 124.) II. The order of the Appellate Division should be affirmed because plaintiff's conduct in standing on the very top of the ladder was the sole proximate cause of his injuries. (*Zimmer v Chemung County Performing Arts,* 65 NY2d 513, 1054; *Blake v Neighborhood Hous. Servs. of N.Y. City,* 1 NY3d 280; *Duda v Rouse Constr. Corp.,* 32 NY2d 405; *Weininger v Hagedorn & Co.,* 91 NY2d 958, 92 NY2d 875;

*Secord v Willow Ridge Stables,* 179 Misc 2d 366; *Cahill v Triborough Bridge & Tunnel Auth.,* 4 NY3d 35; *Montgomery v Federal Express Corp.,* 4 NY3d 805; *Meade v Rock-McGraw, Inc.,* 307 AD2d 156; *Makaj v Metropolitan Transp. Auth.,* 18 AD3d 625.)

## OPINION OF THE COURT

READ, J.

Plaintiff Douglas W. Robinson, a journeyman plumber, was injured on June 23, 1998 while working for Burns Brothers Contractors, Inc. at the construction site for a new medical condominium complex in Fayetteville, New York. Burns Brothers was a plumbing subcontractor on the project.

Plaintiff arrived at the job site at 7:00 A.M. that day, intending to continue to install pipe hanger systems, a task that he had been carrying out for about two weeks, using a six-foot wooden stepladder. In order to perform this work, plaintiff would cut rods to the desired length; mount the ladder to screw the rods into top beam clamps attached to overhead structural steel beams and tighten the clamps; and subsequently hang pipes from the rods. Burns Brothers stored its six- and eight-foot ladders, as well as other tools and blueprints, in a designated room on the first floor in the garage area at the construction site. Workers also cached ladders overnight at gathering points near their work locations so as to reduce trips to and from the central storage room.

Working alone and using a six-foot ladder, plaintiff installed rods in a hallway until roughly 9:00 A.M. After a 10-minute break some time between 9:00 A.M. and 9:30 A.M., he moved into an office suite where the steel beams were at a height of 12 to 13 feet from the floor, which was higher than in the hallway. Plaintiff, who is five feet, nine inches tall, was standing on the top cap of the six-foot ladder, using a wrench to tighten a clamp with his right hand and holding onto a rod with his left hand. When the wrench slipped, he lost his balance and the ladder moved. He held fast to the rod as he dropped about two feet, caught the tipping ladder under its uppermost step with his left foot and straightened it into an upright position, jerking or "twist[ing] up" his back in the process. Plaintiff descended the ladder, and spent the balance of the workday—from about 10:00 A.M. when the accident occurred until 3:30 P.M.—performing various tasks. He did not immediately seek out his foreman to report what had happened, but rather told him when they later "crossed paths," perhaps at the noontime lunch break.

According to plaintiff, there was a box of "community tools" set up in front of the building, and he and other workers would congregate at this location at the beginning of the workday. Some time between 7:00 A.M. and 8:00 A.M. on June 23rd, he saw his foreman there and told him "by the way, I'm going to need an 8-foot ladder." Plaintiff testified that the foreman replied, "I'll see if I can get you one." Plaintiff acknowledges that the foreman did not instruct him to finish installing pipe in the office suite before completing other work; that he knew there were eight-foot ladders on the job site and "knew what part of the garage [the eight-foot ladders] were in"; and that, prior to ascending the six-foot ladder in the office suite, he did not look in the garage for an eight-foot ladder, or follow up his request to the foreman, or seek out fellow workers who might have been using an eight-foot ladder to ask for the ladder when they were finished with it, as he had on prior occasions. When asked whether he had ever before gone to his foreman to request ladders or other tools, plaintiff replied "I don't think I ever asked him for anything. I knew where the tools are located. It's a practice of help yourself," and "[y]ou just grab a ladder and do the job."

On June 21, 2001, plaintiff sued the owner of the medical complex and the general contractor, alleging violations of Labor Law § 240 (1), § 200 (1) and § 241 (6). The owner cross-claimed against the contractor for indemnity; and the contractor brought a third-party action against Burns Brothers for indemnity and/or contribution.

Plaintiff moved for partial summary judgment on liability under Labor Law § 240 (1), arguing that because his foreman did not deliver an eight-foot ladder to him, he "was forced to complete his work with an unsafe six[-]foot ladder." Plaintiff does not suggest that the six-foot ladder was defective, only that it was not tall enough for the particular task that he was carrying out when he was injured. Defendants opposed plaintiff's motion and cross-moved for summary judgment on all the Labor Law causes of action. As relevant here, Burns Brothers moved to dismiss the cause of action under Labor Law § 240 (1) exclusively on the ground that plaintiff's own actions were the sole proximate cause of his accident. Specifically, "[p]laintiff knew he needed a taller ladder" and "there were taller ladders on the job site," but he "failed . . . to wait for one to be provided and failed to take any steps to secure a taller ladder other than allegedly to ask for one shortly before the accident" and instead, "stood on the top of the six[-]foot step ladder."

Supreme Court granted plaintiff partial summary judgment on liability under Labor Law § 240 (1), and dismissed his causes of action under Labor Law §§ 200 and 241 (6). The Appellate Division subsequently reversed Supreme Court and dismissed the complaint in its entirety, with two Justices dissenting.* We now affirm.

Where a "plaintiff's actions [are] the sole proximate cause of his injuries, . . . liability under Labor Law § 240 (1) [does] not attach" (*Weininger v Hagedorn & Co.*, 91 NY2d 958, 960 [1998]; *see also Cahill v Triborough Bridge & Tunnel Auth.*, 4 NY3d 35 [2004]; *Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280 [2003]). Instead, the owner or contractor must breach the statutory duty under section 240 (1) to provide a worker with adequate safety devices, and this breach must proximately cause the worker's injuries. These prerequisites do not exist if adequate safety devices are available at the job site, but the worker either does not use or misuses them.

In *Montgomery v Federal Express Corp.* (4 NY3d 805 [2005]), the plaintiff and another worker were assigned a task to be performed in an elevator "motor room," which was located four feet above the roof level of a building. Arriving on the roof, they discovered that the stairs from the roof to the motor room had been removed. Ladders were available at the job site, albeit not in the immediate vicinity. Rather than fetch a ladder, however, the workers climbed to the motor room by standing on an overturned bucket. The plaintiff exited the motor room by jumping to the roof, and injured his knee when he landed. Citing *Blake*, we noted that "since ladders were readily available, plaintiff's normal and logical response should have been to go get one. Plaintiff's choice to use a bucket to get up, and then to jump down, was the sole cause of his injury, and he is therefore not entitled to recover under Labor Law § 240 (1)" (*Montgomery*, 4 NY3d at 806 [internal quotation marks omitted]).

Similarly, plaintiff knew that he needed an eight-foot ladder in order to screw the rods into the clamps once he left the hallway and entered the office suite. He acknowledges that there were eight-foot ladders on the job site, that he knew where they were stored, and that he routinely helped himself to whatever

---

* The majority in the Appellate Division concluded that plaintiff did not fall "from or at a height," but rather avoided a fall and therefore "did not meet his initial burden of demonstrating his entitlement to recovery under [Labor Law § 240 (1)] as a matter of law" (17 AD3d 1027, 1028 [4th Dept [2005]). We need not and do not reach this issue.

tools he needed rather than requesting them from the foreman. While intimating that all the eight-foot ladders may have been in use at the time of his accident, plaintiff also conceded that his foreman had not directed him to finish the piping in the office suite before undertaking other tasks, and testified that there was sufficient other work to occupy him for the rest of the workday. He also testified that on prior occasions he had waited for a ladder to be freed up by other workers. He claims to have asked his foreman for an eight-foot ladder only an hour or two before he started to install the rods in the office suite. Yet he proceeded to stand on the top cap of a six-foot ladder, which he knew was not tall enough for this task, without talking to the foreman again, or looking for an eight-foot ladder beyond his immediate work location. In short, there were adequate safety devices—eight-foot ladders—available for plaintiff's use at the job site. Plaintiff's own negligent actions—choosing to use a six-foot ladder that he knew was too short for the work to be accomplished and then standing on the ladder's top cap in order to reach the work—were, as a matter of law, the sole proximate cause of his injuries.

Accordingly, the order of the Appellate Division should be affirmed, with costs.

Chief Judge KAYE and Judges G.B. SMITH, CIPARICK, ROSEN-BLATT, GRAFFEO and R.S. SMITH concur.

Order affirmed, with costs.