(September 18, 2007)

■ GERARD EGAN, Appellant, v MONADNOCK CONSTRUCTION, INC., Respondent. [841 NYS2d 547]—

Order, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered April 7, 2006, which denied plaintiff's motion for partial summary judgment on his Labor Law § 240 (1) claim, and granted defendant's cross motion for summary judgment dismissing the entire complaint, affirmed, without costs or disbursements.

The record establishes that in erecting scaffolding on the first floor of the building under construction, plaintiff covered the staircase that had provided the only means of access to the basement. With the staircase covered, plaintiff realized he needed additional materials for the scaffolding that were located in the basement, which was approximately 10 feet below the first floor. Instead of dismantling the first-floor scaffolding or attempting to locate one of the sufficiently tall straight ladders on site but not in the immediate vicinity of his work, plaintiff decided to use a too short six-foot A-frame ladder that had been left in the basement near the covered staircase. As plaintiff explained, he "needed to get down to the basement, and that was the only way to get down." Unfortunately, the basement space was so narrow that the A-frame ladder could not be fully opened so the braces could be locked. No one instructed plaintiff to use the A-frame to descend to the basement; rather, on his own, he decided that removing the scaffold that blocked the staircase would be "too big a job." Nor did plaintiff ask for one of the taller straight ladders that were on the site.

After successfully lowering himself onto the top of the ladder and descending into the basement, plaintiff retrieved the materials and ascended the ladder. As plaintiff reached for a rebar to use in hoisting himself back up to the first floor, the ladder, which was unsteady as a result of not being fully opened, slid out from underneath him and he fell to the basement floor, sustaining injury.

Under these circumstances, the court properly granted defendant's cross motion and dismissed the section 240 (1) cause of action. Plaintiff's own actions were the sole proximate cause of his injuries, disqualifying him from recovery under this section of the statute (see Robinson v East Med. Ctr., LP, 6 NY3d 550 [2006]; Montgomery v Federal Express Corp., 4 NY3d 805 [2005]). This case is strikingly similar to Montgomery. There, ladders were available at the job site, albeit not in the immediate vicinity, and as here, there was no record evidence that the

plaintiff knew that a more appropriate ladder was available. As the Court noted, rather than fetch a ladder, the plaintiff and a coworker climbed to the motor room from the roof by standing on an overturned bucket. Upon completing the job, the plaintiff jumped down to the roof and injured his knee. In affirming this Court's dismissal of plaintiff's section 240 (1) cause of action (307 AD2d 865 [2003]), the Court of Appeals held that "since ladders were readily available, plaintiff's 'normal and logical response' should have been to go get one. Plaintiff's choice to use a bucket to get up, and then to jump down, was the sole cause of his injury" (4 NY3d at 806).

Plaintiff's Labor Law § 241 (6) cause of action, which relied on an alleged violation of Industrial Code (12 NYCRR) § 23-1.21 (b) (4), was also properly dismissed. The Code provision is inapplicable because the ladder plaintiff used to ascend from the basement was not being used "as a regular means of access between floors" (§ 23-1.21 [b] [4] [i]) of the building, and in any event, any alleged violation of the section was not a proximate cause of his injuries (see Trippi v Main-Huron, LLC, 28 AD3d 1069, 1070 [2006]). Concur—Sullivan, Nardelli, Sweeny and Malone, JJ.

Saxe, J.P., dissents in part in a memorandum as follows: I agree that plaintiff's Labor Law § 241 (6) claim must be dismissed, and that his motion for partial summary judgment on his claim pursuant to Labor Law § 240 (1) was properly denied in view of the owner's evidence that other, appropriate ladders were available. However, I would deny defendant's cross motion for summary judgment dismissing the section 240 (1) claim. Issues of fact exist as to whether defendants provided the necessary safety equipment in the manner required by that statute.

Plaintiff was injured while working on a building under construction. He asserts that one of his assigned tasks that day was to erect scaffolding on the first-floor landing to assist the masons in constructing the walls for the elevator shaft. No one instructed him as to where to erect the scaffold, and, perceiving that there was only one appropriate place to put the needed scaffold, he constructed it in a spot where its planking blocked access to the previously-installed, prefabricated staircase between the basement and the first floor.

While working, plaintiff discovered that he needed items that were kept in the basement. In view of the now-blocked staircase, he looked for available means to descend to the basement. He noticed a six-foot A-frame ladder in the basement in a narrow hall next to the blocked staircase. Because that ladder appeared

to be the only way to get down, and he did not know of other available ladders on the site and had not noticed any others in the area, plaintiff decided to use the six-foot A-frame ladder.

The space was so narrow that the A-frame ladder could not be fully opened and its braces could not be locked, but plaintiff successfully lowered himself onto the top of the ladder and used it to descend into the basement. He retrieved the materials he needed for the scaffold and handed them up to a coworker. He then ascended the A-frame ladder, and as he got to and tried to reach for a piece of rebar to pull himself up to the first-floor landing, the ladder turned from under him and fell, causing him to fall to the concrete floor below and sustain injuries.

Labor Law § 240 (1) requires property owners and general contractors to provide necessary safety equipment for those workers performing work at elevated locations. "It is the responsibility of the contractor and owner—not the individual worker—to provide and place appropriate safety devices at the particular work site so 'as to give proper protection to a person so employed' " (*Ramos v Port Auth. of N.Y. & N.J.*, 306 AD2d 147, 148 [2003]). The burden is on the owner and contractor to see that the necessary devices are furnished, not on the worker to hunt down whether the proper device can be found (*see Singh v Barrett*, 192 AD2d 378, 380 [1993], citing *Heath v Soloff Constr.*, 107 AD2d 507, 511 [1985]). While defendants imply that the situation requiring safety devices was created by plaintiff's faulty decision as to where and how to build the scaffold, the owner and contractor cannot avoid their responsibility under section 240 (1) by assigning a worker tasks and then leaving him to his own devices with respect to how to accomplish the tasks. If his job assignment required him to use a safety device, ensuring that a proper one is provided was still the responsibility of the owner and contractor, and unless it is uncontroverted that this was done, the defendants are not entitled to summary judgment. Any other rule would improperly shift responsibility to the worker (*see Miro v Plaza Constr. Corp.*, 38 AD3d 454, 460 [2007, Gonzalez, J., dissenting], *lv granted* 2007 NY Slip Op 78860[U] [2007]).

The assertion by a construction supervisor that other, appropriate ladders were on site does not establish as a matter of law that defendants' obligation was satisfied, particularly where the employee testified that he was not aware of them or their availability. If plaintiff had admitted in his testimony that he knew a taller and more appropriate ladder was available to him on the job site, a determination that as a matter of law his own negligence was the sole proximate cause of his injuries would be

appropriate (*see Robinson v East Med. Ctr., LP*, 6 NY3d 550 [2006]). However, in view of plaintiff's claim that he was unaware of other, more appropriate ladders available on the job site, the section 240 (1) claim should not be resolved as a matter of law, since we cannot conclude as a matter of law that all the necessary safety devices were made available, or that plaintiff's poor choice from among devices that were on hand was his own doing. I would therefore hold that summary judgment is precluded here by a question of fact as to whether defendants provided the necessary safety equipment.