McGuire, J. (dissenting).
I disagree with the majority that a triable issue of fact exists with respect to whether plaintiffs actions were the sole proximate cause of his injuries. In my view, Montgomery v Federal Express Corp. (4 NY3d 805 [2005]) and Robinson v East Med. Ctr., LP (6 NY3d 550 [2006]) control this appeal and require that plaintiffs Labor Law § 240 (1) cause of action be dismissed. Accordingly, I respectfully dissent.
Plaintiff was hired by defendant New England Construction Company to perform carpentry work on a project on which New England was a subcontractor. On the morning of the incident giving rise to this litigation, plaintiff was working on the third floor of the project installing sheetrock in the ceiling. To perform this task, plaintiff was standing on a six-foot baker’s scaffold that had guardrails on the front and back portions of the platform but lacked rails on its sides. Plaintiff obtained the scaffold from an area on the third floor near the workers’ gang box; it was the only scaffold on the third floor. As plaintiff was screwing a piece of sheetrock into the ceiling, he stepped off one of the unguarded ends of the scaffold and fell to the floor below.
Plaintiff commenced this Labor Law § 240 (1) action against, among others,* the owner of the property and the general contractor, and sought summary judgment on the issue of liability. Plaintiff argued that defendants failed to provide him with a scaffold with guardrails on all four sides of the platform, that their failure to do so was a violation of their duty under *240 section 240 (1) to provide him with an adequate safety device, and that the absence of an adequate safety device caused his injuries. Defendants cross-moved for summary judgment dismissing the complaint as against them on the ground that plaintiffs conduct was the sole proximate cause of his injuries. Specifically, defendants asserted that scaffolds with proper guardrails, i.e., guardrails on all four sides of the platform, were available on the job site; plaintiff knew scaffolds with proper guardrails were available on the job site; plaintiff, for no good reason, failed to use a scaffold with proper guardrails; and plaintiffs accident would not have happened had he used a scaffold with proper guardrails. Plaintiff then cross-moved for leave to amend his complaint to assert a cause of action under Labor Law § 241 (6); the regulatory predicate of that cause of action is 12 NYCRR 23-5.18 (b), which prescribes the type of safety railings required on manually-propelled mobile scaffolding. Supreme Court denied the competing motions for summary judgment and granted plaintiffs cross motion for leave to amend his complaint. Defendants appeal from those aspects of the order denying their motion for summary judgment and granting plaintiffs cross motion for leave to amend, and plaintiff cross-appeals from that aspect of the order denying his motion for summary judgment.
A defendant cannot be held liable under Labor Law § 240 (1) where the worker’s actions were the “sole proximate cause” of the worker’s injuries (Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 290 [2003]). As noted above, two recent “sole proximate cause” cases decided by the Court of Appeals control this appeal—Montgomery and Robinson.
In Montgomery, the plaintiff and his supervisor were assigned to do work in an elevator motor room, which was located four feet above the roof level of the building in which they were working. The plaintiff and his supervisor went to the roof and found that the stairs that had previously led from the roof to the motor room had been removed. There was no ladder in the immediate vicinity, but ladders were available at the job site. Rather than leaving the roof and retrieving a ladder from elsewhere on the job site, the plaintiff and his supervisor climbed to the motor room by standing on an inverted bucket that the plaintiff had found. After finishing the task, the plaintiffs supervisor jumped down to the roof without incident; the plaintiff also jumped but injured his knee in the process. Affirming an order of the Appellate Division dismissing the *241 plaintiffs Labor Law § 240 (1) claim, the Court of Appeals stated that
“[w]e agree with the Appellate Division that, since ladders were readily available, plaintiffs ‘normal and logical response’ should have been to go get one. [The] [p]laintiff s choice to use a bucket to get up, and then to jump down, was the sole cause of his injury, and he is therefore not entitled to recover under Labor Law § 240 (1)” (4 NY3d at 806, citing Blake, supra).
In Robinson, the plaintiff, working in a building that was under construction, was using a six-foot ladder to install components of pipe hanging systems onto overhead structural beams. The ladder was sufficient to allow the plaintiff to perform safely his task in a hallway; however, when the plaintiff moved from the hallway into an office he observed that the structural beams were at a height of 12 to 13 feet from the floor, a height greater than in the hallway. Nevertheless, the plaintiff stood on the top cap of the six-foot ladder and continued with his work. As he was using a wrench to tighten a clamp to the top of a beam, the plaintiff lost his balance and sustained back injuries in the process of steadying the tipping ladder. According to the plaintiff, a couple of hours before the incident he had asked his foreman for an eight-foot ladder and the foreman replied “I’ll see if I can get you one.” (6 NY3d at 553.) The foreman did not supply the plaintiff with an eight-foot ladder prior to the incident. The plaintiff, however, knew that there were eight-foot ladders on the job site and knew where they were stored. Supreme Court granted the plaintiff partial summary judgment on the issue of liability on his section 240 (1) claim, but the Appellate Division reversed and dismissed that claim on the ground that the plaintiff did not fall from a height, but rather sustained injuries in the process of steadying the ladder (17 AD3d 1027 [2005]).
The Court of Appeals affirmed the dismissal of the section 240 (1) claim but on a different basis. The Court determined that the plaintiff’s conduct was, as a matter of law, the sole proximate cause of his injuries. The Court noted that
“plaintiff knew that he needed an eight-foot ladder in order to screw the rods into the clamps once he left the hallway and entered the office suite. He acknowledges that there were eight-foot ladders on *242 the job site, that he knew where they were stored, and that he routinely helped himself to whatever tools he needed rather than requesting them from the foreman. While intimating that all the eight-foot ladders may have been in use at the time of his accident, plaintiff also conceded that his foreman had not directed him to finish the piping in the office suite before undertaking other tasks, and testified that there was sufficient other work to occupy him for the rest of the workday. He also testified that on prior occasions he had waited for a ladder to be freed up by other workers. He claims to have asked his foreman for an eight-foot ladder only an hour or two before he started to install the rods in the office suite. Yet he proceeded to stand on the top cap of a six-foot ladder, which he knew was not tall enough for this task, without talking to the foreman again, or looking for an eight-foot ladder beyond his immediate work location” (6 NY3d at 554-555).
Holding that a defendant cannot be held liable where “adequate safety devices are available at the job site, but the worker either does not use or misuses them” (id. at 554), the Court concluded that “there were adequate safety devices—eight-foot ladders— available for plaintiffs use at the job site” (id. at 555). Accordingly, the Court determined that the “[p]laintiff s own negligent actions—choosing to use a six-foot ladder that he knew was too short for the work to be accomplished and then standing on the ladder’s top cap in order to reach the work—were, as a matter of law, the sole proximate cause of his injuries” (id.).
Under Montgomery and Robinson liability under Labor Law § 240 (1) cannot be imposed where the injured worker knows that adequate safety devices are available at the job site but for no good reason fails to use them. We have applied this rule to preclude recovery under section 240 (1) in a number of cases (see e.g. Egan v Monadnock Constr., Inc., 43 AD3d 692 [2007], lv denied 10 NY3d 706 [2008]; see also Thomas v Fall Cr. Contrs., Inc., 21 AD3d 756 [2005]).
Here, plaintiff needed a scaffold to perform his task and obtained the one he used from an area near the workers’ gang box on the third floor. Although it was the only scaffold on the third floor—the floor on which he was working—plaintiff acknowledged that there were scaffolds on the job site that had proper guardrails. Plaintiff testified that, prior to the date of the incident, he observed scaffolds with proper guardrails on *243 both the third floor and other floors, and that, prior to the date of the incident, he observed other workers employed by his employer using scaffolds with proper guardrails. Plaintiff also testified that although his employer could have provided him with a scaffold with proper guardrails, plaintiff did not request one. Additionally, there is no evidence that plaintiff looked “beyond his immediate work location,” i.e., the third floor, for a scaffold (see Robinson, 6 NY3d at 555 [worker used ladder that was not tall enough to perform his task without “looking for an [adequate] ladder beyond his immediate work location”]), and no evidence that plaintiff was directed by a superior to perform his task with the inadequate scaffold that he selected.
In light of these facts, the baker’s scaffold without siderails is indistinguishable from the bucket in Montgomery and the six-foot ladder in Robinson. Plaintiff’s “normal and logical response” should have been to go look for a scaffold with proper guardrails or ask a superior to provide him with one. Thus, defendants established as a matter of law that (1) adequate safety devices were available at the job site, (2) plaintiff knew that the devices were available and (3) plaintiff, for no good reason, failed to use an available adequate safety device. Because plaintiff offered no evidence raising a triable issue of fact with regard to the issue of whether his conduct was the sole proximate cause of his injuries, defendants are entitled to summary judgment dismissing the complaint as against them (see Robinson, 6 NY3d at 554-555; Montgomery, 4 NY3d at 806; Egan, 43 AD3d at 693-694).
Miro v Plaza Constr. Corp. (9 NY3d 948 [2007]), cited by the majority, is consistent with Robinson and Montgomery. In Miro, the plaintiff slipped and fell as he climbed down a ladder he was using to install fire alarms. The ladder was covered partially with sprayed-on fireproofing material, and the plaintiff alleged that the fireproofing material caused him to slip. The plaintiff knew that the material was on the ladder but chose to use it anyway; he testified at his deposition that he could have requested a different ladder but he did not do so.
We reversed an order of Supreme Court granting plaintiff’s motion for summary judgment on the issue of liability on his Labor Law § 240 (1) claim and granted the defendants summary judgment dismissing that claim (38 AD3d 454 [2007]). We reasoned that the plaintiff knowingly chose to use the unsafe ladder despite the fact that he could have requested another ladder, and that the plaintiffs conduct was therefore the sole *244 proximate cause of his injuries. We came to this conclusion even though “the record d[id] not elucidate whether the stockroom where [his employer] kept its supply of ladders was or was not on the work site” {id. at 457). We viewed this factual ambiguity as legally irrelevant; a new ladder could have been provided to the plaintiff at the job site had he requested it {id.).
Although the Court of Appeals affirmed so much of our order as reversed Supreme Court’s order granting the plaintiffs motion for summary judgment on liability on the section 240 (1) claim, it modified our order by denying summary judgment to the defendants on that claim. The Court held that the defendants were not entitled to summary judgment because “it is not clear from the record how easily a replacement ladder could have been procured” (9 NY3d at 949). Here, however, there is no such material issue of fact precluding summary judgment. To the contrary, as in Robinson (6 NY3d at 555 [“there were adequate safety devices—eight-foot ladders—available for plaintiff’s use at the job site”]) and Montgomery (4 NY3d at 806 [“ladders were available at the job site”]), it is undisputed that adequate safety devices were available on the job site. Thus, Miro undermines rather than supports the majority’s position.
The majority correctly observes that in Zimmer v Chemung County Performing Arts (65 NY2d 513 [1985]), the Court of Appeals stated that “[t]he mere presence of ladders or safety belts somewhere at the worksite does not establish ‘proper protection’ ” under Labor Law § 240 (1) (id. at 524). But Zimmer was decided at a time when the only defense to a section 240 (1) action based on the conduct of the worker was the recalcitrant worker defense. Under that defense, a defendant in a section 240 (1) action was absolved of liability if the worker was given but ignored specific instructions to use readily available safety devices {see e.g. Gordon v Eastern Ry. Supply, 82 NY2d 555 [1993]). As the commentary to the PJI charge on section 240 (1) explains:
“A line of cases preceding Blake denied recovery to so-called ‘recalcitrant workers’ who ignored specific instructions to use readily available safety equipment. In Cahill v Triborough Bridge and Tunnel Authority [4 NY3d 35 (2004)], however, the Court of Appeals stated that ‘[t]he controlling question is not whether plaintiff was “recalcitrant,” but whether a jury could have found that his own conduct, rather than any violation of Labor Law § 240 (1), was the *245 sole proximate cause of the accident’ ” (IB PJI3d 2:217, at 1185 [2009] [citations omitted]).
Accordingly, the language from Zimmer that the majority relies upon cannot be regarded as authoritative. Moreover, that language cannot be reconciled with the legal principle for which Montgomery and Robinson stand—liability under Labor Law § 240 (1) cannot be imposed where the injured worker knows that adequate safety devices are available at the job site but for no good reason fails to use them (Robinson, 6 NY3d 554 [the prerequisites to Labor Law § 240 (1) liability “do not exist if adequate safety devices are available at the job site, but the worker either does not use or misuses them”]; Montgomery, 4 NY3d at 806 [“since ladders were readily available, plaintiff’s ‘normal and logical response’ should have been to go get one”]).
The majority writes
“that the requirement of a worker’s ‘normal and logical’ response to get a safety device rather than having one furnished or erected for him is limited to those situations when workers know the exact location of the safety device or devices and where there is a practice of obtaining such devices because it is a simple matter for them to do so.”
I respectfully disagree, as nothing in Montgomery or Robinson supports reading such a limitation into their holdings. To the contrary, the relevant inquiry under both cases is whether the injured worker knew that adequate safety devices were available at the job site but for no good reason failed to use them. Moreover, by obligating workers to avail themselves of safety devices they know to be available on the job site, the holdings of Montgomery and Robinson provide workers with a strong incentive to engage in behavior that promotes the statutory goal of worker safety. In limiting that obligation to situations in which workers know the “exact location” of safety devices and an antecedent “practice of obtaining such devices” has been established, the majority dilutes that incentive. To that extent, the “lax statutory interpretation” is the one the majority embraces. Finally, the majority’s reliance on the fact that the work site consisted of eight floors of the building is misplaced. Regardless of whether safety devices that are not on the job site itself can be “readily available” (see Miro, 9 NY3d at 949), Montgomery and Robinson foreclose any contention that safety devices that a worker knows to be on the job site itself are not “readily available.”
With respect to that aspect of the order granting plaintiffs motion to amend his complaint to assert a cause of action under *246 Labor Law § 241 (6), the only regulatory predicate plaintiff asserts for that cause of action is 12 NYCRR 23-5.18 (b), which prescribes the type of safety railings required on manually-propelled mobile scaffolding. Plaintiffs conduct in using a scaffold with inadequate railings despite the availability of adequate safety devices on the job site was the sole proximate cause of his injuries. Thus, any violation of 12 NYCRR 23-5.18 (b) was not a proximate cause of plaintiffs injuries and the section 241 (6) cause of action therefore is devoid of merit (see Davis & Davis v Morson, 286 AD2d 584 [2001] [leave to amend complaint will be denied where the proposed pleading fails to state a cause of action or is palpably insufficient as a matter of law]).
In sum, I would modify the order to grant defendants’ cross motion for summary judgment dismissing the complaint and to deny plaintiffs cross motion for leave to amend the complaint.
Mazzarelli, J.P., Acosta and Renwick, JJ., concur; McGuire, J., dissents in a separate opinion.
Order, Supreme Court, New York County, entered November 28, 2007, affirmed, without costs.

 Plaintiff also sued two other defendants to recover damages for injuries he suffered in a motor vehicle accident that occurred several months after his fall from the scaffold. Plaintiff alleged that the injuries he sustained as a result of his fall from the scaffold were aggravated by the motor vehicle accident.