Kipp v Marinus Homes, Inc. (2018 NY Slip Op 04859)





Kipp v Marinus Homes, Inc.


2018 NY Slip Op 04859


Decided on June 29, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 29, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, CARNI, NEMOYER, AND CURRAN, JJ.


213 CA 17-01451

[*1]ROBERT KIPP, PLAINTIFF-RESPONDENT-APPELLANT,
v
MARINUS HOMES, INC., DEFENDANT, GREENWAY APARTMENTS, LLC, AND CARKNER CONSTRUCTION, LLC, DEFENDANTS-RESPONDENTS-APPELLANTS. --
GREENWAY APARTMENTS, LLC, AND CARKNER CONSTRUCTION, LLC, THIRD-PARTY PLAINTIFFS-RESPONDENTS, VGERALD OAKLEY, INDIVIDUALLY, AND DOING BUSINESS AS XLH CONSTRUCTION, THIRD-PARTY DEFENDANT-APPELLANT-RESPONDENT. 






SMITH, SOVIK, KENDRICK & SUGNET, P.C., SYRACUSE (KAREN J. KROGMAN DAUM OF COUNSEL), FOR THIRD-PARTY DEFENDANT-APPELLANT-RESPONDENT.
LONGSTREET & BERRY, LLP, FAYETTEVILLE (MARTHA L. BERRY OF COUNSEL), FOR PLAINTIFF-RESPONDENT-APPELLANT.
SUGARMAN LAW FIRM, LLP, SYRACUSE (STEPHEN A. DAVOLI OF COUNSEL), FOR DEFENDANTS-RESPONDENTS-APPELLANTS AND THIRD-PARTY PLAINTIFFS-RESPONDENTS. 


 Appeal and cross appeals from an order of the Supreme Court, Oneida County (Norman I. Siegel, J.), entered April 28, 2017. The order denied the motion of plaintiff for partial summary judgment on liability under Labor Law § 240 (1), granted in part and denied in part the motion of defendants-third-party plaintiffs and the cross motion of third-party defendant for summary judgment dismissing the second amended complaint against defendants-third-party plaintiffs and denied the motion of third-party defendant for summary judgment dismissing the second third-party complaint. 
It is hereby ORDERED that the order so appealed from is modified on the law by granting defendants-third-party plaintiffs' motion and third-party defendant's cross motion in their entirety, dismissing the second amended complaint against defendants-third-party plaintiffs, and dismissing the motion of third-party defendant as moot and as modified the order is affirmed without costs.
Memorandum: While working on a construction project, plaintiff fell from a ladder that he had placed adjacent to his work area. Plaintiff subsequently commenced this action seeking damages for the injuries that he sustained from his fall. In his second amended complaint, plaintiff alleged that his injuries were caused by, inter alia, the violation of Labor Law § 240 (1) by defendants-third-party plaintiffs, Greenway Apartments, LLC, the property owner, and Carkner Construction, LLC, the general contractor (defendants). Defendants thereafter commenced a third-party action seeking contractual indemnification and a defense from third-party defendant, plaintiff's employer.
Plaintiff thereafter moved for partial summary judgment on the issue of liability under Labor Law § 240 (1). Defendants moved and third-party defendant cross-moved for summary judgment dismissing the second amended complaint against defendants, and third-party defendant separately moved for summary judgment dismissing the second third-party complaint. Third-party defendant appeals and plaintiff and defendants cross-appeal from an order that, inter alia, denied plaintiff's motion in its entirety, denied those parts of defendants' motion and third-party defendant's cross motion seeking dismissal of plaintiff's Labor Law § 240 (1) claim against defendants, and denied third-party defendant's motion against the second third-party complaint. We now modify the order by granting those parts of defendants' motion and third-party defendant's cross motion with respect to the section 240 (1) claim, and dismissing the motion of third-party defendant as moot and otherwise affirm.
"Where a plaintiff's actions [are] the sole proximate cause of his injuries, . . . liability under Labor Law § 240 (1) [does] not attach' " (Robinson v East Med. Ctr., LP, 6 NY3d 550, 554 [2006]; see generally Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 288 [2003]). To sustain a cause of action under section 240 (1), the plaintiff must establish that the defendant breached "the statutory duty . . . to provide a worker with adequate safety devices, and this breach must proximately cause the worker's injuries" (Robinson, 6 NY3d at 554). "[I]f adequate safety devices are available at the job site, but the worker either does not use or misuses them," then the plaintiff cannot sustain a cause of action under Labor Law § 240 (1) (id.; see generally Kuntz v WNYG Hous. Dev. Fund Co. Inc., 104 AD3d 1337, 1338 [4th Dept 2013]).
Here, we agree with defendants and third-party defendant that Supreme Court erred in denying those parts of their respective motion and cross motion seeking summary judgment dismissing plaintiff's Labor Law § 240 (1) claim against defendants. Plaintiff alleged in his second amended complaint that he fell due to the placement of the ladder, and he admitted in his deposition testimony that he had placed the ladder himself. Plaintiff's theory of liability is that the ladder was not an adequate safety device because it could not be placed directly below his work site. Defendants, however, submitted photographs and a video recording from their safety expert that depicted the expert placing the ladder directly under the work site and standing on it. Furthermore, plaintiff conceded in his deposition testimony that other safety devices were available at the site, and that he asked if they were available before using the ladder. Thus, we conclude that defendants established as a matter of law that the ladder was an adequate safety device and that plaintiff's own conduct was the sole proximate cause of his injuries.
In opposition, plaintiff relied only on his own speculation, in his deposition, that the ladder was not an adequate safety device, and that other, unavailable safety devices were necessary to prevent his injuries. It is well settled, however, that "mere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient" to raise a triable question of material fact sufficient to defeat a motion for summary judgment (Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
We reject plaintiff's contention, on his cross appeal, that he cannot be the sole proximate cause of his own injuries in the absence of egregious misconduct or intentional misuse of the safety equipment. Rather, a plaintiff's mere negligence may constitute the sole proximate cause of his or her injuries (see Blake, 1 NY3d at 290; see also Cahill v Triborough Bridge & Tunnel Auth., 4 NY3d 35, 39-40 [2004]). Contrary to plaintiff's further contention, the rule that comparative fault is unavailable to defendants in Labor Law § 240 (1) cases is unavailing, because here, as in Blake, "we are not dealing here with comparative fault . . .[;] the fault was entirely plaintiff's. The ladder afforded him proper protection. Plaintiff's conduct (here, his negligence) was the sole proximate cause of [his injuries]" (id. at 289-290). Contrary to the dissent's conclusion, this is the rare case where there are no allegations that the ladder tilted, tipped, shifted, moved, or otherwise failed. Instead, plaintiff himself admits that the sole cause of his fall was his own act of pulling on the soffit and getting less resistance than expected, thereby causing him to lose his balance and fall.
In light of our determination, we dismiss as moot third-party defendant's motion for summary judgment dismissing the third-party complaint (see Wilson v Walgreen Drug Store, 42 AD3d 899, 901 [4th Dept 2007]).
All concur except Whalen, P.J., who dissents and votes to affirm in the following [*2]memorandum: I respectfully dissent. The majority concludes that plaintiff's conduct was the sole proximate cause of his accident as a matter of law because the accident was caused by the location of the ladder and plaintiff admitted in his deposition testimony that he placed the ladder himself. Contrary to the majority's conclusion, however, " the nondelegable duty imposed upon the owner and general contractor under Labor Law § 240 (1) is not met merely by providing safety instructions or by making [a] safety device[] available, but by furnishing, placing and operating such devices so as to give [a worker] proper protection' " (Luna v Zoological Socy. of Buffalo, Inc., 101 AD3d 1745, 1746 [4th Dept 2012] [emphasis added]; see Long v Cellino & Barnes, P.C., 68 AD3d 1706, 1707 [4th Dept 2009]).
The cases relied on by the majority do not change that statutory obligation. In Blake v Neighborhood Hous. Servs. of N.Y. City, the jury expressly found that the ladder used by the injured plaintiff had in fact been "so constructed[ and] operated as to give proper protection to plaintiff" (1 NY3d 280, 284 [2003]). Here, however, defendants' own expert averred that plaintiff's accident resulted because the ladder was improperly placed, and "it is conceptually impossible for [that] statutory violation (which serves as a proximate cause for a plaintiff's injury) to occupy the same ground as a plaintiff's sole proximate cause of the injury" (id. at 290). Thus, while plaintiff may have been negligent in leaning the ladder adjacent to his work area rather than directly underneath it, " plaintiff's conduct cannot be considered the sole proximate cause of his injuries' " (Whalen v ExxonMobil Oil Corp., 50 AD3d 1553, 1554 [4th Dept 2008]).
Blake and its progeny stand for the proposition that liability under Labor Law § 240 (1) does not attach where safety devices sufficient to provide a plaintiff adequate protection are readily available on a work site, and the plaintiff knows that he or she is expected to use them "but for no good reason [chooses] not to do so, causing an accident" (Gallagher v New York Post, 14 NY3d 83, 88 [2010]; see Robinson v East Med. Ctr., LP, 6 NY3d 550, 554 [2006]). Contrary to the conclusion of the majority, defendants failed to establish as a matter of law that plaintiff improperly placed the ladder "for no good reason" (Gallagher, 14 NY3d at 88). Plaintiff testified that he attempted to place the ladder directly underneath the overhang of the roof where he was to work, but the size of the window located below this work area prevented him from resting the ladder against the building itself, and he was concerned that resting the ladder against the window while he performed his work might damage the window. The photographs and video of defendants' expert referenced by the majority show a ladder leaning, not directly against the building between the window and the work area, but on the frame of the window that plaintiff was attempting to avoid damaging. It therefore cannot be concluded as a matter of law that plaintiff knew that the ladder could be safely placed against the building directly underneath his work area at an appropriate angle without damaging the window, but nonetheless chose not to do so (see Kin v State of New York, 101 AD3d 1606, 1608 [4th Dept 2012]; cf. Robinson, 6 NY3d at 554-555). I would therefore affirm the order.
Entered: June 29, 2018
Mark W. Bennett
Clerk of the Court