18-861-cv
Jay v. Globalfoundries U.S. Inc.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of March, two thousand nineteen.

PRESENT: RICHARD C. WESLEY,
RAYMOND J. LOHIER, JR.,
RICHARD J. SULLIVAN,
*Circuit Judges*.

------------------------------------------------------------------

MICHAEL JAY,

*Plaintiff-Appellant*,

v.                                                                    No. 18-861-cv

GLOBALFOUNDRIES U.S. INC.,

*Defendant-Appellee*,

TURNER CONSTRUCTION COMPANY,

*Defendant*.

------------------------------------------------------------------

FOR PLAINTIFF-APPELLANT:   RYAN MANLEY, Harris, Conway & Donovan, PLLC, Albany, NY.

FOR DEFENDANT-APPELLEE:   ROBERT S. ROSBOROUGH IV, Whiteman Osterman & Hanna LLP, Albany, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (David N. Hurd, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Michael Jay appeals from the March 22, 2018 judgment of the District Court (Hurd, J.) granting Defendant Globalfoundries U.S. Inc.'s motion for summary judgment in its entirety and denying Jay's cross-motion. Jay was injured while working at Globalfoundries' construction site when a duct being manually loaded onto a truck bed landed on his foot. He sued Globalfoundries under various state law provisions, including, as relevant here, New York Labor Law § 240(1). We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

2

To be entitled to recovery under § 240(1), a plaintiff must show both (1) the existence of an elevation-related hazard of the type encompassed by the statute, and (2) an injury proximately caused by the absence of proper protection from the hazard. Wilinski v. 334 E. 92nd Hous. Dev. Fund Corp., 18 N.Y.3d 1, 7 (2011). The District Court concluded that Jay did not face the type of elevation-related hazard encompassed by the statute and that his injury did not occur as a direct consequence of the application of the force of gravity to the object. Jay v. Global Foundries U.S. Inc., No. 5:15-CV-1066, 2018 WL 1441297, at *5-6 (N.D.N.Y. Mar. 22, 2018). We affirm on an alternative ground. See Smith v. Barnesandnoble.com, LLC, 839 F.3d 163, 166 (2d Cir. 2016).

Assuming without deciding that Jay's injury resulted from "the application of the force of gravity to the object" and from "a risk arising from a physically significant elevation differential," Runner v. N.Y. Stock Exch., 13 N.Y.3d 599, 603–04 (2009), we conclude that the Defendants are entitled to summary judgment because Jay's injury was not proximately caused by the absence of proper protection, but rather by his own choices.

3

Accepting Jay's version of events as true, a lull, the use of which would have prevented the injury, was twenty to twenty-five minutes away at the construction site. App'x 162. Jay expressly declined to wait for a lull, App'x 166–67, because he had moved ductwork thousands of times, "most of the time" not using a lull, App'x 157. Even if Jay's decision to load the duct manually was influenced by some time pressure he felt from his supervisor's instructions to escort a truck off the property by a certain time, a lull was "readily available at the work site, albeit not in the immediate vicinity of the accident," and therefore liability under § 240(1) does not attach. Gallagher v. N.Y. Post, 14 N.Y.3d 83, 88 (2010); see also Robinson v. E. Med. Ctr., LP, 6 N.Y.3d 550, 554–55 (2006); Montgomery v. Fed. Express Corp., 4 N.Y.3d 805, 806 (2005); Blake v. Neighborhood Hous. Servs. of N.Y.C., 1 N.Y.3d 280, 290 (2003); cf. Miro v. Plaza Constr. Corp., 9 N.Y.3d 948, 949 (2007). Because no rational jury could have concluded that Jay's injury was caused by the absence of a lull, summary judgment is appropriate.

4

We have considered Jay's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court