Portillo v DRMBRE-85 Fee LLC (2021 NY Slip Op 01216)





Portillo v DRMBRE-85 Fee LLC


2021 NY Slip Op 01216


Decided on February 25, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 25, 2021

Before: Acosta, P.J., Renwick, Singh, Mendez, JJ. 


Index No. 152890/17 Appeal No. 13209 Case No. 2020-00992 

[*1]Cristian Portillo, Plaintiff-Respondent,
v
DRMBRE-85 Fee LLC et al., Defendants-Appellants.


Koster Brady & Nagler, LLP, New York (William H. Gagas of counsel), for appellants.
PeÑa & Kahn, PLLC, Bronx (Jeffrey J. Schietzelt of counsel), for respondent.



Order, Supreme Court, New York County (Robert David Kalish, J.), entered January 6, 2020, which granted plaintiff's motion for partial summary judgment on his Labor Law § 240(1) claim, unanimously affirmed, without costs.
Plaintiff established prima facie that defendants are liable for his injuries under Labor Law § 240(1). Plaintiff was allegedly injured while removing overhead ceiling wires. He conducted an unsuccessful search to find an available ladder in the apartment, and then he improvised by using a nearby 18-inch-high bucket in an upside-down position so as to stand atop it and reach overhead ceiling wires. When the bucket suddenly tipped, he fell and was injured (see e.g. Ferguson v Durst Pyramid, LLC, 178 AD3d 634 [1st Dept 2019]).
Defendants failed to raise a triable issue of fact as to whether plaintiff was the sole proximate cause of his accident(see Montgomery v Federal Express Corp., 4 NY3d 805, 806 [2005]). Plaintiff stated that he recalled that his supervisor would either use an A-frame ladder or climb atop a 5-gallon bucket for an overhead task. Plaintiff also stated that he searched for a ladder for five minutes, and only found one, which his coworker was using at that moment. As a result, plaintiff, like his supervisor, stood on an overturned bucket 18 inches high to reach the ceiling to perform his work, and fell when the bucket tipped. There was no standing order not to use the bucket to complete the project, especially after he witnessed his supervisor doing so (cf. Biaca-Neto v Boston Rd. II Hous. Dev. Fund Corp., 34 NY3d 1166, 1167 [2020] [summary judgment was denied when the defendant submitted evidence that there was "a standing order that workers were not permitted to enter the building through the window cutouts" which was how the plaintiff was injured]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 25, 2021