Breslin v Macy's, Inc. (2022 NY Slip Op 07180)

Breslin v Macy's, Inc.

2022 NY Slip Op 07180

Decided on December 20, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 20, 2022

Before: Kern, J.P., Friedman, Gesmer, González, Mendez, JJ. 

Index No. 157503/17, 595233/18 Appeal No. 16932 Case No. 2021-03259 

[*1]Cormac A. Breslin, Plaintiff-Appellant,
v
Macy's, Inc. Doing Business as Bloomingdale's et al., Defendants-Respondents. [And a Third-Party Action] 

Weiss & Rosenbloom, P.C., New York (Barry D. Weiss of counsel), for appellant.
Kennedys CMK, LLP, New York (Nitin Saim of counsel), for respondents.

Order, Supreme Court, New York County (Alexander M. Tisch, J.), entered on or about July 30, 2021, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for partial summary judgment as to Labor Law § 240(1) liability and granted defendants' motion for summary judgment dismissing plaintiff's Labor Law § 200 and common-law negligence claims, unanimously modified, on the law, to deny the motion as to defendant Buch Construction, Inc., and otherwise affirmed, without costs.
Plaintiff made a prima facie showing that his injuries were proximately caused by a violation of Labor Law § 240(1) through his testimony that he was climbing up an aluminum A-frame ladder when one of the ladder's legs suddenly bent or twisted, causing him to fall to the ground along with the ladder. However, the testimony of plaintiff's foreman, submitted by defendants in opposition, raises a genuine triable issue as to whether plaintiff was the sole proximate cause of his accident (see Robinson v East Med. Ctr., LP, 6 NY3d 550, 554-555 [2006]). Plaintiff's foreman testified that he told plaintiff not to use the aluminum ladder, which did not belong to plaintiff's employer, Andersen Interior Contracting, Inc. (Andersen), and to use a fiberglass ladder belonging to Andersen, three of which were 15 to 50 feet away from the location of plaintiff's accident. Plaintiff's foreman testified that he then removed the aluminum ladder to a nearby dumpster and a laborer employed by defendant Buch Construction Inc. (Buch) stepped on the ladder's leg to bend it and make it unusable. However, approximately 15 minutes later, plaintiff's foreman found plaintiff lying on the floor with the aluminum ladder next to him. Accordingly, a jury could credit plaintiff's foreman's testimony, notwithstanding minor inconsistencies, and find that plaintiff was the sole proximate cause of his accident (see id.).
The Labor Law § 200 and common-law negligence claims were correctly dismissed as against defendant Macy's, Inc. but should have been sustained as against Buch. As the motion court correctly recognized, the defective ladder from which plaintiff fell was an aspect of the means and methods of performing the work, not a condition of the premises. As the record establishes that Macy's had no control of the means and methods of the work, it cannot be held liable under § 200 and negligence claims. However, as previously noted, the record contains testimony by Andersen's foreman to the effect that a Buch employee named "Steve" stepped on one of the legs of the ladder in question in an effort to bend it to render it unusable. If so, Buch affirmatively created the hazard that resulted in plaintiff's injury. Accordingly, should these allegations be proven at trial, plaintiff may prevail on his § 200 and negligence claims against Buch.
We have considered the remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE [*2]DIVISION, FIRST DEPARTMENT.
ENTERED: December 20, 2022