■ KATHLEEN RICE et al., Appellants, v WEST 37TH GROUP, LLC, et al., Respondents. (And Other Actions.) KATHLEEN RICE et al., Respondents, v WEST 37TH GROUP, LLC, et al., Appellants. et al., Defendant. (And Other Actions.) [913 NYS2d 13]—

Order, Supreme Court, New York County (Emily Jane Good-

man, J.), entered July 31, 2009, which, upon reargument, adhered to a prior order granting plaintiff's cross motion for summary judgment on liability on her Labor Law § 240 (1) cause of action, unanimously affirmed, without costs. Order, same court and Justice, entered May 14, 2009, which, to the extent appealed from, denied that portion of plaintiff's cross motion for sanctions for defendants' alleged spoliation of evidence, unanimously dismissed, without costs.

On November 23, 2004, plaintiff's decedent, James Rice, was injured while working as a steamfitter for Five Boro Associates, Inc. Five Boro was the subcontractor hired to install a sprinkler system in connection with the construction of a theater facility. At the time of the accident, Rice and Timothy Gleason, a colleague, were attempting to connect the building's water main to a riser on the seventh floor of the structure. This entailed drilling a hole in the wall at the spot where the connection was to be made. Since that spot was located approximately 13 or 14 feet above a stairwell landing, Rice and Gleason required an elevation device to reach it. They first attempted to use a scissor lift which they had been using for other purposes. However, the scissor lift had earlier demonstrated mechanical problems, and was too large to fit into the stairwell. They determined that a ladder was necessary, but Five Boro's inventory of ladders at the job site did not include any larger than 10 feet, which was too short. The two men went in search of a sufficiently tall ladder, and found a wooden, 12-foot, A-frame ladder, one or two floors below their own work area. According to both Rice and Gleason, the ladder belonged to the carpentry subcontractor, defendant Cord Contracting Co., Inc. Gleason further testified that Cord also had a baker's scaffold[1] in its possession, but that it was in use and he was certain that the Cord employees would not have made it available to him and Rice. Rice did not recall there having been any scaffolds on the construction site.

When Rice and Gleason went to position the ladder in the stairwell landing, they discovered that the space was too narrow to open the ladder. Therefore, they kept the ladder closed and leaned it up against the wall. Gleason could not steady the ladder himself, because he needed to be outside the stairwell to help locate the spot on the other side of the wall where the hole was to be drilled. The men did attempt to secure the ladder legs by placing one against a column in the stairwell and by placing cinder blocks and two-by-fours behind the other. After using the ladder for approximately 30 minutes, Rice heard a sound that sounded like wood cracking. He then fell, injuring himself.

---

1. A baker's scaffold is a small scaffold that all parties agree would have fit inside the small area where the work needed to be done.

Rice commenced this action against the building owner, the general contractor, and Cord, alleging violations of Labor Law §§ 200, 240 (1) and § 241 (6).[2]

Defendants moved for summary judgment to dismiss the complaint in its entirety. With respect to the section 240 (1) claim, they asserted that they fulfilled their duty to provide adequate safety devices but that Rice's conduct, in failing to make use of an available baker's scaffold, was the sole proximate cause of the accident. The primary evidence submitted by defendants in support of this argument was the deposition testimony of Peter Barbarito, who on the day of the accident was a foreman for Five Boro. Barbarito testified that while Five Boro did not have any baker's scaffolds available at the job site, the workers knew that they could ask him for whatever they needed, and he would "order it." Defendants also pointed to the deposition testimony of plaintiff himself, who testified that, on prior occasions during the project when the workers did not have the proper equipment, they had informed the foreman, who had sought out the equipment from another trade and given the workers something else to do in the meantime. As to plaintiff's Labor Law § 200 and common-law negligence claims, all defendants argued that they did not exercise any supervisory authority over Rice's work and so could not be held liable as a matter of law.

Plaintiff cross-moved for summary judgment on her section 240 (1) claim, asserting that because defendants did not provide Rice with an adequate safety device to perform work at an elevation, they were absolutely liable to him. She argued that the evidence demonstrated that there was no baker's scaffold available on the job site for him. Plaintiff also moved to strike defendants' answers. This was based on the fact that the general contractor admitted that it instructed Cord to destroy the ladder immediately after the accident, ostensibly to prevent anybody else from being injured.

Supreme Court granted summary judgment dismissing the complaint as against Cord, stating that it was not a statutory agent of either the owner or general contractor for purposes of Labor Law § 240 (1) and § 241 (6). It also dismissed the Labor Law § 200 and common-law negligence claims against Cord, as there was no evidence that the ladder it loaned to Rice was defective. With respect to the owner and the general contractor, the court held that those defendants exercised no supervisory

2. Rice died during the pendency of the action, and his wife, as the administrator of his estate, was granted leave to amend the complaint to reflect her substitution as plaintiff.

authority over Rice's work. Accordingly, the court dismissed plaintiff's claims against them pursuant to Labor Law § 200 and for common-law negligence.

The court denied the motion of the owner and the general contractor for summary judgment dismissing plaintiff's claim under Labor Law § 240 (1), and granted plaintiff's cross motion for summary judgment on that claim. The court held that this was "not a case where equipment was available, but a plaintiff chose not to use it," and that any carelessness by Rice in using the ladder in the manner he did was irrelevant once it was determined that defendants had violated the statute. The court denied plaintiff's motion for spoliation sanctions, holding that, even if it had not already determined that plaintiff's section 200 and common-law negligence claims should be dismissed, it would find that plaintiff failed to demonstrate that the destruction of the ladder materially prejudiced her ability to prosecute a negligence claim against defendants.

The owner and general contractor moved for reargument of their motion to dismiss the section 240 (1) claim, contending that the court overlooked allegedly conflicting deposition testimony concerning the availability of baker's scaffolds on the job site. The court granted reargument, but adhered to its original determination.

It is not disputed that the accident was elevation-related and that it directly resulted from the lack of an adequate safety device. Thus, the sole question before us is whether Rice's attempt to perform the task without a baker's scaffold device was the sole proximate cause of the accident because, as defendants argue, he could have procured one by asking his supervisor or borrowing one from another trade.

The Court of Appeals has clearly stated that a party charged under Labor Law § 240 (1) with the duty to provide enumerated safety devices will be absolved of liability where a worker attempts to perform a task at elevation without proper protection, if the proper safety device was "readily available" and it would have been the worker's "normal and logical response" to get it (*Montgomery v Federal Express Corp.*, 4 NY3d 805, 806 [2005] [internal quotation marks omitted]). In *Montgomery*, the plaintiff's section 240 (1) claim was dismissed because he chose to jump four feet from the roof of an elevator room to the next level, despite the availability of ladders on the job site. Similarly, in *Robinson v East Med. Ctr., LP* (6 NY3d 550 [2006]), the Court held that the plaintiff's failure to avail himself of adequate safety devices rendered him the sole proximate cause of his injuries, and dismissed his claim under section 240 (1). In that

case, the plaintiff, even though he knew there were eight-foot ladders on the job site and precisely where they were, elected instead to stand on the top cap of a six-foot ladder, causing him to lose his balance and fall.

Here, defendants argue that there is an issue of fact as to whether a baker's scaffold was available to plaintiff such that he should not have attempted to do the work without first attempting to get one. We disagree. There is no question that neither Five Boro nor the general contractor maintained any baker's scaffolds on site. Moreover, the only evidence here that defendants could have made a baker's scaffold or other safety device available to Rice had he requested one, are vague assertions by the Five Boro foreman that there was a procedure for obtaining necessary safety devices. Barbarito testified that if workers needed something they would let him know and he would contact his son, the owner of Five Boro, and request it. However, Barbarito did not specifically state whether Five Boro actually possessed any baker's scaffolds such that one could be delivered directly to the site, or whether one had to be acquired from a third party. Assuming that Five Boro did maintain a baker's scaffold somewhere, Barbarito gave no indication of where it was, and how long it would have taken for one to be delivered.

These facts stand in stark contrast to *Montgomery* and *Robinson*, where the records were clear that the adequate safety device could be made available to the plaintiffs in a relatively short period of time. Similarly unavailing to defendants is Rice's testimony that on other occasions where proper equipment was not immediately available, the foreman "would arrange something." That statement is much too vague to stand as evidence that, in this instance, plaintiff would have been furnished a baker's scaffold in short order had he simply asked for one.

The record evidence in this case is also fundamentally different from the cases cited by defendants where an issue of fact was found as to whether an adequate safety device was available to the plaintiff, even though one was not necessarily in the worker's immediate vicinity. In *Miro v Plaza Constr. Corp.* (38 AD3d 454 [2007], *mod* 9 NY3d 948 [2007]), the plaintiff fell off a ladder with slippery fireproofing material on it. A divided Court dismissed plaintiff's section 240 (1) claim, based on the plaintiff's testimony that his employer, Con Edison, had "a lot of ladders" (38 AD3d at 455) on site, and that, in any event, the employer maintained a stockroom containing ladders which could be delivered to the job site upon request. The Court of Appeals modified, finding there to be an issue of fact because it

was "not clear from the record how easily a replacement ladder could have been procured" (9 NY3d at 949). Here, in contrast to *Miro*, defendants have offered no evidence that a baker's scaffold was readily available.

In *Masullo v 1199 Hous. Corp.* (63 AD3d 430 [2009]), summary judgment was denied to the plaintiff and defendants on the plaintiff's section 240 (1) claim, also because the record was unclear as to whether a safety device was readily available. However, this Court observed that the plaintiff "acknowledged that if he needed any type of equipment, he knew he could call [his employer's] owners and it would be delivered later in the day or the next morning" (63 AD3d at 432). This and other facts rendered summary judgment inappropriate to any party. Again, here, defendants presented no evidence suggesting that a baker's scaffold may have been readily available to plaintiff. Accordingly, they failed to raise an issue of fact sufficient to deny summary judgment to plaintiff. Finally, in *Cherry v Time Warner, Inc.* (66 AD3d 233 [2009]), this Court found an issue of fact as to whether a baker's scaffold with adequate railings was readily available to the plaintiff. The majority cited to evidence presented by the defendants which, again, is absent here: that scaffolds with railings were available to workers at all times, and that workers were shown where to find guardrails.

Defendants do not seriously argue that it would have been possible to use the ladder from which Rice fell in a safe manner, and they effectively concede that a baker's scaffold, which undisputedly would have fit inside the stairwell where the accident occurred, was necessary to safely complete the job. Thus, their reliance on *Meade v Rock-McGraw, Inc.* (307 AD2d 156 [2003]), is misplaced. In that case, this Court found that there was an issue of fact regarding whether a ladder could have been used in the open position and thus constituted an adequate safety device, had it not been misused by the plaintiff by leaving it in the closed position. Here, defendants do not suggest that Rice could have safely used the ladder in the open position.

Defendants are incorrect that an issue of fact exists based on Gleason's acknowledgment that he and Rice were aware that Cord maintained a baker's scaffold on the construction site. Defendants did not offer any evidence to refute Gleason's testimony that the scaffold was in use at the time he and Rice were looking for a safety device, nor, more importantly, did they establish that the scaffold would have soon become available. Accordingly, Rice's testimony that, on "a couple" of prior occasions during the subject project he had been instructed to wait to complete a task until equipment could be freed up, while

performing an alternative assignment, is irrelevant. Without some indication that the baker's scaffold would have eventually become available to Rice, it is impossible to infer that following such a course would have been practical under the circumstances. We note that there is no evidence in the record that, on the day of the accident, Rice was instructed not to work in the stairwell while he waited for a safety device.

Plaintiff's cross motion for sanctions related to the destruction of the ladder is related to her claims pursuant to Labor Law § 200 and for common-law negligence. However, plaintiff has not appealed that part of Supreme Court's order dismissing those claims. Accordingly, her appeal from that part of the order denying her request for striking defendants' answer to those claims is academic. Concur—Mazzarelli, J.P., Renwick, Freedman, Richter and Abdus-Salaam, JJ.