Order, Supreme Court, New York County (Emily Jane Goodman, J.), entered July 13, 2011, which denied the motion of defendants/third-party plaintiffs West 37 Group, LLC and GJF Construction Corp. Doing Business as Builders Group (collectively, West Group) for summary judgment dismissing the wrongful death cause of action, and denied the cross motion of third-party defendant Five Boro Associates (Five Boro) for summary judgment dismissing the wrongful death claim, and the fourth third-party complaint alleging claims for common-law indemnification and contribution, unanimously affirmed, without costs.
Plaintiff was the wife of the decedent James Rice. On November 23, 2004, the decedent was employed by Five Boro as a steam fitter at a project owned and managed by West Group. The decedent sustained significant injuries when, while working 15 feet above ground on a ladder owned by defendant Cord Contracting Co., the ladder collapsed. This Court previously affirmed a finding of partial summary judgment as to liability on plaintiffs Labor Law § 240 (1) claim (Rice v West 37th Group, LLC, 78 AD3d 492 [2010]).
As a result of the injuries he sustained from the worksite accident, the decedent began seeing a pain management physician, second third-party defendant, Joseph Carfi, M.D., and a psychologist, second third-party defendant, Bruce Herman PhD. Two years after the accident, the decedent died, and the autopsy ruled the cause of death to be accidental due to an “acute intoxication due to combined effects of Fentanyl, Diazepam [Valium] and Alprazolam [Xanax],” with a contributing cause of “atherosclerotic cardiovascular disease.”
We reject defendants’ contention that the decedent’s accidental overdose on two currently prescribed medications, and a third medication that may have been recently discontinued, was an extraordinary and unforeseeable occurrence as a matter of law. “Because questions concerning what is foreseeable and what is normal may be the subject of varying inferences, as is the question of negligence itself, these issues generally are for the fact finder to resolve” (Derdiarian v Felix Contr. Corp., 51 NY2d 308, 315 [1980]).
*502 Accordingly, the issue of whether the accidental overdose of prescribed pain medication was a foreseeable consequence of the serious injuries suffered by plaintiffs decedent is a question for the trier of fact (cf. Fuller v Preis, 35 NY2d 425 [1974]; Koren v Weihs, 201 AD2d 268 [1994]). Defendants do not contest that the decedent suffered painful serious injuries, requiring him to take significant pain-killing drugs, each of which carry their own risks, and plaintiff proffered admissible evidence showing that the decedent was not abusing his medication.
In view of the foregoing, Five Boro is not entitled to dismissal of the contribution and indemnity claims on the ground that the decedent did not suffer a “grave injury” within the meaning of Workers’ Compensation Law § 11. Concur — Andrias, J.P., Saxe, DeGrasse and Román, JJ. [Prior Case History: 2011 NY Slip Op 31910(11).]