OPINION OF THE COURT
Acosta, J.P.
This appeal underscores the importance of Labor Law § 240 (l)’s protection of construction workers who are not provided with adequate safety devices. Because plaintiff’s supervisor explicitly directed him not to use an otherwise available Baker scaffold, and defendant does not dispute that a Baker scaffold would have been the adequate device for plaintiff to engage in the required demolition work, plaintiff is entitled to partial summary judgment on defendant’s liability where he used an inadequate A-frame ladder and was injured in a resulting fall.
Plaintiff is a carpenter who sustained injuries while working on a renovation project in defendant’s Manhattan store. Defendant contracted with RP Brennan General Contractors (RP), a third-party defendant who employed plaintiff, to conduct renovation and demolition work. On the day of the accident, Gerry Cole, plaintiff’s supervisor who was also employed by RP, instructed him to assist with demolition work in a different sec *43 tion of the store from where he had been working. Cole told plaintiff to dismantle a temporary wall that had been erected to block the demolition work from the view of defendant’s customers.
Plaintiff began walking toward the back of the store to fetch a Baker scaffold, which he determined was the proper device to stand upon while dismantling the wall.[1] However, Cole reprimanded plaintiff and directed him to use a ladder instead. Specifically, Cole told plaintiff that he could not “roll the f . . . [expletive deleted] scaffold through the store with customers” and commanded him to “[g]o work off the f . . . [expletive deleted] ladders” that were already in the section being demolished. Because he did not want to disobey his supervisor’s orders or defendant’s policy prohibiting workers from moving equipment around the store while customers were present, plaintiff did not obtain the Baker scaffold.
When plaintiff arrived in the demolition section of the store, he saw three ladders, two of which were fiberglass A-frame ladders that were already in use by other workers. The only other ladder available was a “rickety,” old, wooden A-frame ladder. Nevertheless, because plaintiff had been instructed to complete the demolition work “ASA!]” he used the wooden ladder. After working with that ladder for approximately one hour, plaintiff “began dismantling the top support beam of the wall.” He attempted to place the ladder securely on the concrete floor, despite the fact that the floor was uneven because it had recently been jackhammered. While plaintiff stood on the ladder, with his feet approximately four feet from the ground, he swung his hammer. Unfortunately, after the hammer struck, the ladder “first shifted and wobbled, and then kicked out,” causing plaintiff to fall to the ground. As a result of the fall, plaintiff suffered fractures to his face and wrist.
Plaintiff commenced this action in April 2011, alleging violations of Labor Law §§ 200, 240 (1) and 241 (6).[2] Defendant answered on June 2, 2011. On July 1, 2011, pursuant to defendant’s discovery demands, plaintiff submitted medical records *44 and authorizations to obtain other requested records. The preliminary conference order, dated August 30, 2011, specified that plaintiff would provide certain authorizations by October 14, 2011, and that depositions of all parties would be held on December 20, 2011. By letter dated September 19, 2011, defendant advised plaintiff that the authorizations for his Social Security Administration and Workers’ Compensation Board files were not in proper form, and requested amended authorizations, which plaintiff provided on October 14, 2011.
On December 19, 2011, plaintiffs counsel called defendant’s counsel to confirm that plaintiffs deposition would take place the following day in accordance with the preliminary conference order. Plaintiff argues that defendant refused, but defendant claims that it could not proceed with plaintiff’s deposition because it was still awaiting documents pursuant to plaintiffs authorizations. Defendant further alleges that plaintiffs counsel verbally consented to adjourn the deposition until February 2, 2012. Plaintiff, however, denies consenting to the adjournment.[3] The parties did not reduce the alleged agreement to writing, and neither party moved to amend the preliminary conference order or adjourn the deposition.
In any event, plaintiff filed a motion on December 28, 2011, seeking partial summary judgment on the issue of liability under Labor Law §§ 240 (1) and 241 (6). Plaintiff argued in his affidavit supporting the motion that
“[i]f [he] had been provided the Baker scaffold, [he] would not have fallen. The scaffold would have been proper because it would not have shifted as [he] hammered. And, because of its dimensions, it would have been able to better cope with the fact that the concrete floor was uneven.”
Defendant responded that the motion should be denied as premature, because plaintiff’s deposition had not yet been conducted. However, the parties conducted plaintiffs deposition on February 2, 2012, and each party submitted supplemental motion papers. Defendant argued that plaintiff’s deposition testimony raised triable issues of fact as to whether he was the *45 sole proximate cause of his injuries and as to the identification of the specific ladder that plaintiff used. Specifically, defendant noted plaintiff’s testimony that the ladder he used had been destroyed by his coworker, Gary Moon, whereas photographs taken shortly after the accident by defendant’s fire safety director, Thomas LaPera, showed a wooden ladder that did not precisely match plaintiffs description of the ladder from which he fell.[4] Defendant further asserted that it wished to conduct depositions of LaPera, Moon, and Cole.
The motion court denied plaintiffs motion without prejudice as premature under CPLR 3212 (f) and CPLR 3214 (b) (2013 NY Slip Op 33641DJ] [2013]). This appeal followed.
The Labor Law requires building owners and contractors who conduct construction or demolition projects to “furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, . . . ladders, . . . and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed” (Labor Law § 240 [1]). The duty to furnish adequate safety devices is nondelegable, and those who fail to furnish such devices are absolutely liable for injuries that proximately result from an employee’s elevation-related accident (Wilinski v 334 E. 92nd Hous. Dev. Fund Corp., 18 NY3d 1, 7 [2011]; Haimes v New York Tel. Co., 46 NY2d 132, 137 [1978]; Vergara v SS 133 W. 21, LLC, 21 AD3d 279, 280 [1st Dept 2005]). A defendant who provides an adequate safety device may assert the defense that an injured worker — who neglected to use or misused the available device — was the sole proximate cause of his or her injuries (see Perrone v Tishman Speyer Props., L.P., 13 AD3d 146, 147 [1st Dept 2004]). However, “[t]he sole proximate cause defense does not apply where [a] plaintiff was not provided with an adequate safety device as required by the Labor Law” (Ferluckaj v Goldman Sachs & Co., 53 AD3d 422, 425 [1st Dept 2008], revd on other grounds 12 NY3d 316 [2009]).
Defendant does not dispute plaintiffs assertions that a Baker scaffold would have been the adequate safety device for the demolition work and that plaintiff was not provided with one. When plaintiff attempted to fetch the Baker scaffold from the back of defendant’s store, his supervisor stopped him and commanded him to use the ladders in the section of the store that *46 was being demolished. Defendant makes much of the issues concerning which ladder plaintiff used and the care with which he used the ladder, but that argument obfuscates the real issue in this case: plaintiff was not provided with the single device that would have enabled him to perform the work safely. The relevant consideration is defendant’s failure to provide plaintiff with the Baker scaffold, rather than which of the three inadequate A-frame ladders plaintiff ultimately used. As plaintiff was not provided with an adequate safety device, defendant cannot avail itself of the sole proximate cause defense (Ferluckaj, 53 AD3d at 425).
Furthermore, defendant’s proposition that plaintiff should have fetched the Baker scaffold (despite his supervisor’s contrary instruction) or waited for the fiberglass ladders to become available is unconvincing. For example, defendant cites Montgomery v Federal Express Corp. (4 NY3d 805 [2005]), where the plaintiff declined to fetch an available ladder, opted instead to stand on an overturned bucket in order to reach an elevator motor room, and was injured while jumping the four feet down from the motor room (see also Robinson v East Med. Ctr., LP, 6 NY3d 550, 554 [2006] [describing the facts of Montgomery]). However, unlike the plaintiff in Montgomery, plaintiff in this case initially exhibited the “normal and logical response ... to go get” the adequate safety device when he attempted to fetch the Baker scaffold (Montgomery, 4 NY3d at 806 [internal quotation marks omitted]), but he was rebuffed by his supervisor. That plaintiffs supervisor explicitly directed him not to use the scaffold, citing defendant’s policy against rolling equipment through the store while customers were present, rendered the scaffold essentially unavailable to plaintiff. There is no practical difference between what happened here — where a supervisor directs an employee to not use an otherwise available safety device — and a situation where a scaffold simply was not present at the work site (see Rice v West 37th Group, LLC, 78 AD3d 492, 496 [1st Dept 2010]).
In addition, the Robinson Court noted the plaintiffs concession that although the necessary “eight-foot ladders may have been in use at the time of his accident,” the plaintiffs “foreman had not directed him to finish [the task at that time],” and thus the plaintiffs decision to use a shorter ladder by “standing on the ladder’s top cap” was “the sole proximate cause of his injuries” (6 NY3d at 555 [emphasis added]). Here, by contrast, plaintiff’s supervisor yelled and cursed at him to use the lad *47 ders, and plaintiff was told to do the work “ASAE” Therefore, even assuming that a sturdy A-frame ladder (instead of a Baker scaffold) would have been adequate for plaintiff to perform the demolition work, the fiberglass ladders that were in use by plaintiffs coworkers cannot be said to have been available.
The Labor Law, recognizing the realities of construction and demolition work, does not require a worker to demand an adequate safety device by challenging his or her supervisor’s instructions and withstanding hostile behavior. To place that burden on employees would effectively eviscerate the protections that the legislature put in place. Indeed, workers would be placed in a nearly impossible position if they were required to demand adequate safety devices from their employers or the owners of buildings on which they work (see Lombardi v Stout, 80 NY2d 290, 296 [1992] [explaining that Labor Law § 240 “is intended to place the ultimate responsibility for building practices on the owner and general contractor in order to protect the workers who are required to be there but who are scarcely in a position to protect themselves from accidents”]; see also Haimes, 46 NY2d at 136, quoting 1969 NY Legis Ann at 407). When faced with an employer’s instruction to use an inadequate device, many workers would be understandably reticent to object for fear of jeopardizing their employment and their livelihoods. Labor Law § 240 (1) speaks for those workers and, through the statute, the legislature has made clear that the provision of adequate safety devices at work sites is imperative and that worker safety depends on absolute liability for contractors and owners who fail to furnish such devices (see Lombardi, 80 NY2d at 296).[5]
We reach the merits of this case notwithstanding defendant’s argument that plaintiffs motion was premature. Although the parties proceeded with plaintiffs deposition after the filing of the motion, plaintiffs testimony was consistent with his affidavit. Therefore, defendant could not raise any issue of material fact that would preclude a grant of partial summary judgment concerning liability under Labor Law § 240 (1).
Finally, insofar as defendant raises comparative negligence or other issues that might provide a defense to liability on *48 plaintiff’s Labor Law § 241 (6) claim (see Long v Forest-Fehlhaber, 55 NY2d 154 [1982]), we need not reach those issues because of our finding of defendant’s liability under section 240 (1), which renders it absolutely liable for plaintiff’s resulting injuries.
Accordingly, the order of the Supreme Court, New York County (Debra A. James, J), entered January 25, 2013, which denied plaintiffs motion for partial summary judgment on the issue of liability on his Labor Law §§ 240 (1) and 241 (6) claims, should be modified, on the law, to the extent of granting plaintiff’s motion on the issue of liability pursuant to Labor Law § 240 (1), and otherwise affirmed, without costs.
Renwick, Feinman and Clark, JJ., concur.
Order, Supreme, Court, New York County, entered January 25, 2013, modified, on the law, to the extent of granting plaintiff’s motion on the issue of liability pursuant to Labor Law § 240 (1), and otherwise affirmed, without costs.

. According to plaintiffs affidavit, a Baker scaffold is a scaffold with locking wheels and a height-adjustable platform that is approximately two feet in width and six feet in length. The maximum height to which the platform can be raised is six feet.

. Plaintiff’s Labor Law § 241 (6) claim was predicated on 12 NYCRR 23-1.21 (b) (1), (3), (4) (iv) and (e), which, taken together, plaintiff asserts, require that ladders be secured from slipping and falling.

. The record on appeal contains an email and letter, both dated December 19, 2011, which plaintiff points to as evidence that it was prepared for the deposition and that defendant’s counsel refused to proceed. In an affidavit, sworn to on December 28, 2011, plaintiffs counsel states that the email was sent to defendant, and only cites to the letter without claiming that it was ever mailed. The letter is not accompanied by proof of mailing.

. Defendant submitted an unnotarized affidavit from LaPera stating that, shortly after plaintiffs fall, he photographed the only wooden ladder in the vicinity of the accident.

. It is of no moment that plaintiff was instructed not to use the Baker scaffold by Cole, an RP supervisor, rather than by defendant, since section 240 makes clear that “contractors and owners,” with few exceptions that are inapplicable here, are liable for failure to furnish adequate safety devices (Labor Law § 240 [emphasis added]; see also Haimes, 46 NY2d at 136).