Pena v Jane H. Goldman Residuary Trust No. 1 (2018 NY Slip Op 01255)





Pena v Jane H. Goldman Residuary Trust No. 1


2018 NY Slip Op 01255


Decided on February 22, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 22, 2018

Tom, J.P., Kapnick, Webber, Oing, JJ.


5791 301044/15

[*1]Juan Pena, Plaintiff-Respondent, 
v
The Jane H. Goldman Residuary Trust Number 1, et al., Defendants-Appellants, Century Management Services Inc., et al., Defendants.


Brody, O'Connor & O'Connor, New York (Scott A. Brody of counsel), for appellants.
Peña & Kahn, PLLC, Bronx (Diane Welch Bando of counsel), for respondent.



Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered December 9, 2016, which, inter alia, granted plaintiff's motion for partial summary judgment on the issue of liability on his Labor Law § 240(1) cause of action as against defendant Sol Goldman Investments, LLC (SGI), unanimously affirmed, without costs.
Plaintiff established entitlement to judgment as a matter of law on the issue of liability on his Labor Law § 240(1) cause of action as against SGI. Plaintiff submitted his deposition testimony, which showed that he was injured when the unsecured and damaged ladder upon which he was working wobbled, causing him to fall (see Goreczny v 16 Ct. St. Owner LLC, 110 AD3d 465 [1st Dept 2013]).
SGI's opposition failed to raise a triable issue of fact. Its submission of an ambiguous affidavit from plaintiff's supervisor was insufficient to rebut plaintiff's prima facie showing. Notably, the supervisor did not address the fact that he was at the scene of the accident shortly after plaintiff fell, and provided only vague references to other available ladders, without addressing plaintiff's testimony that other workers were using those ladders (see Gallagher v New York Post, 14 NY3d 83, 88-89 [2010]; see also Rivera v Dafna Constr. Co., Ltd., 27 AD3d 545, 545-546 [2d Dept 2006]). Furthermore, SGI's argument that questions of fact exist as to whether plaintiff was the sole proximate cause of his accident is unavailing given that SGI failed to make a showing that adequate safety devices were provided to plaintiff (see Rice v West 37th Group., LLC, 78 AD3d 492 [1st Dept 2010]).
We have considered SGI's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 22, 2018
CLERK