Perez v Parkside Terrace, L.P.
2026 NY Slip Op 03646
June 9, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Wilborth Perez, Plaintiff-Respondent,
v
Parkside Terrace, L.P., et al., Defendants-Appellants-Respondents, Ro-Sal Plumbing & Heating Inc., Defendant-Respondent-Appellant. (And a Third-Party Action.)

Decided and Entered: June 09, 2026
Index No. 28976/18|Appeal No. 6845|Case No. 2025-03498|
Before: Kennedy, J.P., Gesmer, Mendez, Rodriguez, Hagler, JJ.

Cullen and Dykman LLP, New York (Olivia M. Gross of counsel), for appellants-respondents.
Law Offices of Kevin P. Westerman, Elmsford (Richard W. Ashnault of counsel), for respondent-appellant.

[*1]
Kennedy, J.P., Gesmer, Mendez, Rodriguez, Hagler, JJ.

Order, Supreme Court, Bronx County (Myrna Socorro, J.), entered on or about May 15, 2025, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for partial summary judgment on his claim pursuant to Labor Law § 240(1) as against defendants Parkside Terrace, L.P., Parkside Terrace Partnership Housing Development Fund Company Inc., and DP Group General Contractors (collectively, the Parkside defendants), denied the Parkside defendants' motion for summary judgment on their indemnification claims against defendant Ro-Sal Plumbing & Heating Inc., and denied Ro-Sal's motion for summary judgment dismissing the Parkside defendants' cross-claims against it, unanimously modified, on the law, without costs, to grant Ro-Sal's motion, and otherwise affirmed, without costs.
Plaintiff established entitlement to judgment on his Labor Law § 240(1) claim by demonstrating that the Parkside defendants' failure to provide adequate safety devices to enable him to safely fix framing in the ceiling over a bathtub, forcing him to lean an unopened A-frame ladder against the bathroom wall, was a proximate cause of his injury (see Rice v West 37th Group, LLC, 78 AD3d 492, 495-96 [1st Dept 2010]). In opposition, the Parkside defendants failed to raise a triable issue of fact (see e.g. Cafisi v L&L Holding Co., LLC, 219 AD3d 1215, 1217 [1st Dept 2023]). Their argument that plaintiff failed to follow OSHA regulations and proper ladder procedure is unavailing (see Zimmer v Chemung County Performing Arts, 65 NY2d 513, 523 [1985] ["where injury is allegedly caused through a violation of section 240(1), which establishes its own unvarying standard, evidence of industry practice is immaterial"]; Anderson v MSG Holdings, L.P., 146 AD3d 401, 403 [1st Dept 2017], lv dismissed 29 NY3d 1100 [2017]). Nor did the medical records submitted by the Parkside defendants create an issue of fact. They were not being offered as "germane to diagnosis or treatment" and were inadmissible hearsay (Pillco v 160 Dikeman St., LLC, 245 AD3d 49, 59 [2d Dept 2025]).
[*2]
The court should have dismissed the Parkside defendants' cross-claims against Ro-Sal for contractual indemnification because plaintiff's injuries did not arise from Ro-Sal's work so as to trigger the indemnity clause. The fact that Ro-Sal performed plumbing and insulation work before V&P, plaintiff's employer, began its drywall installation does not mean that plaintiff's accident arose out of Ro-Sal's work.
Further, there was no "evidence from which a jury might find negligence" on Ro-Sal's part and "apportion fault" between the Parkside defendants and Ro-Sal (Agard v Port Auth. of N.Y. & N.J., 227 AD3d 404, 405 [1st Dept 2024]). Plaintiff testified that the bathtub was full of debris, and that he moved the bigger pieces of debris but not the smaller ones so that he could place his ladder inside the tub, which he was able to do once the larger pieces were moved. While he testified that the ladder might have fallen because it was sitting on a screw at the bottom of the bathtub, he admitted he did not know why the ladder fell and said that he did not see any debris after he fell. Accordingly, since is it "just as likely" that the ladder's fall could have "been caused by some other factor," a "determination by the trier of fact" that a screw caused the ladder to fall "would be based on sheer speculation" (Scivoletti v New York Mercantile Exch., Inc., 38 AD3d 326, 327 [1st Dept 2007], lv denied 9 NY3d 802 [2007] [internal quotation marks omitted]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 9, 2026