■ JOSE L. GARZON et al., Appellants, v METROPOLITAN TRANS-PORTATION AUTHORITY et al., Respondents. [895 NYS2d 83]—

Order, Supreme Court, New York County (Donna M. Mills, J.), entered March 11, 2009, insofar as it granted defendants' motion for summary judgment dismissing plaintiffs' Labor Law § 240 (1) claim and denied plaintiffs' cross motion for partial summary judgment on the issue of liability under section 240 (1), unanimously affirmed, without costs.

Plaintiff was struck by a caulking gun that he left temporarily on a ladder rung as he was working in a facility owned by defendants. He argues that defendants violated Labor Law § 240 (1) in that they failed to provide him with a scaffold or manlift from which to work and failed to provide a safety device to secure the caulking gun.

Labor Law § 240 (1) applies to falling object cases where the falling of an object is related to a significant risk inherent in the relative elevation at which materials and/or loads must be positioned or secured. The fact that an injured plaintiff may have been working at an elevation when an object fell is of no moment in a falling object case because a different type of hazard is involved (*see Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 268 [2001]).

Here, the caulking gun did not fall because of the absence or inadequacy of the ladder, scaffold or manlift. Plaintiff left it on the ladder temporarily and forgot to remove it before adjusting the ladder. No evidence was presented by plaintiffs that the absence of a scaffold or lift proximately caused the accident. Thus, defendants demonstrated that plaintiff's conduct was the sole proximate cause of the accident. Concur—Tom, J.P., Moskowitz, Renwick, DeGrasse and Manzanet-Daniels, JJ. **[Prior Case History: 22 Misc 3d 1135(A), 2009 NY Slip Op 50448(U).]**