Cantre v BLDG Oceanside LLC (2023 NY Slip Op 02452)

Cantre v BLDG Oceanside LLC

2023 NY Slip Op 02452

Decided on May 09, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 09, 2023

Before: Renwick, A.P.J., Kapnick, Gesmer, Pitt-Burke, Higgitt, JJ. 

Index No. 22809/18E Appeal No. 202 Case No. 2022-01278 

[*1]Herbert Cantre, Plaintiff-Appellant,
v
BLDG Oceanside LLC et al., Defendants-Respondents.

Gorayeb & Associates, P.C., New York (John M. Shaw of counsel), for appellant.
Fabiani Cohen & Hall, LLP, New York (Kevin B. Pollack of counsel), for respondents.

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered on or about March 4, 2022, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for partial summary judgment on the Labor Law § 240(1) claim, unanimously affirmed, without costs.
Even if plaintiff met his initial burden on his motion for partial summary judgment on the Labor Law § 240(1) claim, defendants raised triable issues of fact as to whether there was an elevation related risk and whether plaintiff was the sole pronmate cause of the accident. Plaintiff placed about 10 pipes, measuring up to 10 feet long and weighing about 10 to 50 pounds each, into a "debris cart" or "mini-dumpster" for the purpose of transporting them to an elevator. He testified that while he was facing away from the cart and bending down to pick up pipes from the floor, he was struck in the back of his ear by a pipe, rendering him unconscious. He did not see the accident happening and did not testify as to which part of the pipe struck him. He admitted that he chose to place all of the pipes in the cart at the same angle, and that the pipes stuck out of the cart by about five feet. The general contractor's superintendent and a construction site safety expert's affidavit opined that this method of placing the pipes in the cart created an obvious risk that the cart would tip over, and plaintiff testified that he had transported the pipes one at a time, by hand, earlier the same day. There was also some evidence that plaintiff was not authorized to place pipes into the cart. In light of those facts and the conflicting accounts as to whether plaintiff made the decision to transport all of the pipes at once, or whether he was instructed to do so by the superintendent, there are issues of fact as to whether plaintiff's own conduct was the sole proximate cause of his injuries (see Robinson v East Med. Ctr., LP, 6 NY3d 550, 554 [2006]; see e.g. Garzon v Metropolitan Transp. Auth., 70 AD3d 568 [1st Dept 2010]), There are also issues of fact as to whether plaintiff's injuries were the "direct consequence of a failure to provide adequate protection against a risk arising from a physically significant elevation differential" (Runner v New York Stock Exch., Inc., 13 NY3d 599, 603 [2009]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 9, 2023